UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| NOE TORRES, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:14-CV-421 |
| | § | |
| STATE FARM LLOYDS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is the "Opposed Motion to Abate Case Pending Appraisal Outcome," filed by Defendant State Farm Lloyds ("State Farm").[1] Plaintiffs have filed a response informing the Court that they do not oppose abatement in this case.[2] After considering the motion, response, record, and relevant authorities, the Court **GRANTS** the motion and abates the case.

### I. Background

Broadly, this action concerns Plaintiffs' claims against State Farm regarding insurance coverage for property damages. On January 13, 2015, State Farm invoked the appraisal clause of the contract governing the relationship between the parties.[3] The appraisal clause provides that, if there is a disagreement concerning the "amount of loss," either State Farm or Plaintiffs may invoke the appraisal process.[4] Once the appraisal process is invoked, each party selects an appraiser, and then a competent, impartial umpire is selected either by agreement of the

---

[1] Dkt. No. 29 ("Motion to Abate").
[2] Dkt. No. 32 ("Response").
[3] Motion to Abate at ¶ 3.
[4] *Id.*

appraisers or through court appointment.[5]  State Farm requests abatement of this case because, depending on the outcome of appraisal, there may ultimately be no breach of contract claim, and thus, no extra-contractual claims.[6]

## II. Discussion

The Court finds that the appraisal terms provide for potential resolution of the instant dispute, such that the value of proceeding further in the litigation process will only be evident after completion of the appraisal process.  If the parties and the Court continue to proceed on this case, it could ultimately result in wasted time, money, and energy if the appraisal process resolves the case or significantly narrows the issues.  The extra-contractual claims are not relevant unless there was actually a breach of contract.  The Texas Supreme Court has affirmed this position by finding that "[w]hen the issue of coverage is resolved in the insurer's favor, extra-contractual claims do not survive."[7]  The Fifth Circuit has further found that "there can be no recovery for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of those that would have resulted from the wrongful denial of policy benefits."[8]  Since these claims may become moot after the resolution of the breach of contract claim, and the breach of contract claim may be resolved through the appraisal process, the Court sees no reason for the parties to embark on the discovery process as would be appropriate at this stage in the case.

---

[5] *Id.*
[6] *Id.* at ¶ 8.
[7] *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010); *see also Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 198 (Tex. 1998)(". . . there is no viable extra-contractual claim without a threshold breach of contract").
[8] *Great Am. Ins. Co. v. AFS/IBEX Fin. Servs. Inc.,* 612 F.3d 800, 808 n.1 (5th Cir. 2010)(internal citation omitted).

### III. Holding

For the foregoing reasons, the Court **GRANTS** the motion to abate and **ABATES** the case pending completion of the appraisal process. In turn, the Court **CANCELS** the status conference as scheduled for February 10, 2015. The Court **ORDERS** the parties to file a status report with the Court by **May 1, 2015** informing the Court of the progress of this case. In the alternative, **the parties may file a stipulation of dismissal which complies with Federal Rule of Civil Procedure 41(a)(1)(A)(ii) or other final document prior to that date**.

IT IS SO ORDERED.

DONE this 3rd day of February, 2015, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE